## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SONIA COLON,

      **Plaintiff,**

vs.                              **Case No.: 8:12-cv-02011-T-27MAP**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

      **Defendant.**

_____/

### ORDER

      **BEFORE THE COURT** is the Report and Recommendation (Dkt. 14) from the Magistrate Judge recommending that the case be remanded for further administrative proceedings. The Acting Commissioner timely objected to the Report and Recommendation (Dkt. 15). Upon consideration, the Acting Commissioner's objections (Dkt. 15) are **OVERRULED**, the Report and Recommendation (Dkt. 14) is **ACCEPTED**, and the decision of the Acting Commissioner is **REVERSED**.

### INTRODUCTION

      The ALJ found that Sonia Colon is severely impaired by spina bifida, a neurogenic bladder, migraines, and pulmonary stenosis (Dkt. 14 at 1; *see* Dkt. 6-2 at 12-13). Nevertheless, the ALJ concluded that Colon has the residual functional capacity to perform light work, including her past relevant work (Dkt. 14 at 2; Dkt. 6-2 at 18). The ALJ relied on the testimony of Drs. Duchesneau and Kline, but gave no weight to the conflicting opinion evidence from Nurse Practitioner Marty Folsom because "he is not a medically acceptable source" (Dkt. 6-2 at 17-18). The ALJ also

1

discussed evidence from Dr. Patel, a neurologist who twice treated Colon in person (*id.* at 13), but the ALJ's decision does not reflect the weight given to this evidence or its impact on the ALJ's final conclusion of residual functional capacity. Rather, the ALJ dismissed Dr. Patel's advice to Colon as a "statement regarding prudent medication management," rather than "an opinion as to the claimant's RFC" (*id.* at 14).

The Appeals Council denied review (Dkt. 14 at 2), and Colon filed this action appealing the decision of the ALJ. After briefing by the parties, the Magistrate Judge found that the ALJ erred by giving Nurse Folsom's testimony no weight (*id.* at 5). The Magistrate Judge also concluded that Dr. Patel was a "treating physician" who gave an "opinion" – as opposed to a statement on medication management – and the ALJ was therefore required to clearly articulate his reasons for disregarding Dr. Patel's medical opinion (*id.* at 7). On those two grounds, the Magistrate Judge recommended that the decision of the ALJ be reversed and the matter remanded for further administrative proceedings.

The Acting Commissioner objects to the Magistrate Judge's findings and conclusions and contends that because Nurse Folsom was not a "treating" source, the ALJ was not required to articulate the reasons for disregarding Nurse Folsom's opinion. The Acting Commissioner also argues that the ALJ was not required to articulate the reasons for disregarding Dr. Patel's opinion, and any error with regard to Dr. Patel's opinion was harmless.

### STANDARDS

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. *Id.*; *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal

conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397

Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.

1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

In social security appeals, the Commissioner's decision is reviewed to determine if it is

supported by substantial evidence and based upon proper legal standards. *Lewis v. Callahan*, 125

F.33d 1436, 1439 (11th Cir. 1997).

### DISCUSSION

### *Nurse Practitioner Fulsom*

While nurse practitioners are not "acceptable medical sources" for establishing an

impairment, 20 C.F.R. §§ 404.1513(a), 416.913(a), they are nonetheless considered an "other"

medical source whose testimony may be used "to show the severity of . . . impairment(s) and how

it affects [the] ability to work." 20 C.F.R. § 404.1513(d)(1). Opinions from nurse practitioners may

be accorded less weight than opinions from acceptable medical sources and discounted if conflicting

with medical evidence, but the ALJ is required to give "specific reasons germane to each witness for

discounting that testimony." *Blodgett v. Comm'r of Social Sec. Admin.*, ___ Fed. Appx. ___, No. 12-

35252, 2013 WL 3804070, at *1 (9th Cir. July 23, 2013) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919

(9th Cir. 1993)). *Accord Coffman v. Astrue*, 469 Fed. Appx. 609, 611 (9th Cir. 2012) ("Testimony

from 'other sources,' such as nurse practitioners, can be disregarded for germane reasons."); *Rusten

v. Comm'r of Social Sec. Admin.*, 468 Fed. Appx. 717, 720 (9th Cir. 2012) ("A nurse practitioner is

an 'other source' for the purposes of medical testimony, and as such, his opinion cannot be used to

establish a medical impairment. An ALJ can give less weight to an 'other source' medical opinion

by providing reasons germane to each witness for doing so.") (internal citations and quotations

omitted).

The ALJ did not articulate any reasons germane to Nurse Folsom for disregarding his opinion with regard to the impairment's impact on Colon's ability to work. Instead, the ALJ concluded that the opinion was entitled to no weight because Nurse Folsom is not a medically acceptable source. This was error.

### Dr. Patel

A treating physician's opinion must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis*, 125 F.3d at 1440; *see* 20 C.F.R. § 404.1527(d)(2). Medical opinions are statements from physicians related not only to a patient's RFC, but also statements that "reflect judgments about the nature and severity of" impairments, symptoms, diagnosis, prognosis, and physical or mental restrictions. § 404.1527(a)(2). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. Good cause to discount a treating physician's opinion exists where the doctor's opinion was not bolstered by the evidence, where the evidence is supported by a contrary finding, or where the doctor's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Even though the ALJ found Dr. Patel to be a treating physician and reviewed the doctor's medical records (Dkt. 6-2 at 13-14), he failed to assign weight to any evidence from Dr. Patel. The ALJ also refused to consider Dr. Patel's opinion, concluding that Dr. Patel's medical records constituted "a statement regarding prudent medication management" rather than an opinion as to Colon's RFC (*id.* at 14). Such treatment of Dr. Patel's medical opinion and evidence does not follow the proper legal standards and therefore constitutes error.

4

First, the ALJ improperly construed "opinions" as only those statements related to RFC, rather than all statements from a treating physician concerning impairments, symptoms, diagnosis, prognosis, and physical or mental restrictions. *See* § 404.1527(a)(2). Dr. Patel's notes and advice as to Colon's conduct under the influence of necessary medication reflects a judgment "about the nature of and severity of" Colon's impairments and symptoms and as such should have been considered an "opinion." *See Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (reversing where the Commissioner failed to consider the treating physician's treatment notes as a "medical opinion"). Second, the ALJ erred by failing to articulate his reasons for assigning no weight to Dr. Patel's opinion.

The Acting Commissioner argues that the ALJ's treatment of Dr. Patel's opinion was harmless error. Failure to accord weight to evidence may constitute harmless error when the medical opinion was consistent with the other medical opinions in the record. *See Weight v. Barnhart*, 153 Fed. Appx. 678, 684 (11th Cir. 2005). A harmless error analysis cannot be performed on the current record because the ALJ did not determine whether Dr. Patel's medical opinion was consistent with other medical opinions in the record. Moreover, there are inconsistencies between Dr. Patel's notes and the conclusions of Drs. Duchesneau and Kline, which suggest that Dr. Patel's opinion is inconsistent with the other medical opinions in the record (*see* Dkt. 14 at 8). Reversal is therefore required. *See Winschel*, 641 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence. Accordingly, we reverse.").

Even if the ALJ's error in failing to assign Dr. Patel's opinion weight was harmless, the

ALJ's treatment of Dr. Patel's evidence would still require remand because his conclusion that Dr. Patel's evidence did not constitute an opinion is not based upon the proper legal standard. *See Klaes v. Comm'r, Social Sec. Admin.*, 499 Fed. Appx. 895, 897 (11th Cir. 2012) ("Accordingly, the ALJ failed to follow the proper legal standard, and we must reverse and remand so the Commissioner can apply the correct standard.").

Accordingly,

1) The Report and Recommendation (Dkt. 14) is **ACCEPTED** and **ADOPTED** for all purposes. The decision of the Commissioner (Dkt. 6-2) is **REVERSED** and the case is **REMANDED** for further administrative proceedings consistent with this Order.

2) The Clerk is directed to **ENTER** final judgment in favor of Plaintiff Sonia Colon and to **CLOSE** the file.

**DONE AND ORDERED** this __*10*ᵗʰ__ day of September, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record